IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KELDRA BAKER,                          §
                                       §
        Plaintiff,                     §
                                       §
V.                                     §        No. 3:24-cv-771-D-BN
                                       §
TEXAS DEPARTMENT OF FAMILY             §
PROTECTED SERVICES (CPS),              §
                                       §
        Defendant.                     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Keldra Baker filed a *pro se* complaint against CPS (or the Texas Department of Child Protective Services), alleging that, over "the past 7 years," "someone has been calling and sending CPS to [her] … for false reasons" and that she intends "to file a complaint" because "now someone else has filed another complaint [and] now CPS is forcing [her] to sign [her] rights over." Dkt. No. 3 (cleaned up).

Senior United States District Judge Sidney A. Fitzwater referred Baker's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction and issue an appropriate sanctions warning.

These findings and conclusions provide Baker notice as to the jurisdictional

deficiencies. And the ability to file objections to the recommendation that this case be dismissed (as further explained below) offers Baker an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

## Discussion

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted); *see, e.g.*, *Tawakkol v. Vasquez*, 87 F.4th 715, 716 (5th Cir. 2023) ("After a bench trial, the district court entered judgment in Tawakkol's favor. Because we conclude that Tawakkol's suit is barred by sovereign immunity, we vacate and remand with instructions to dismiss for lack of jurisdiction." (all caps omitted)).

"Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court." *Tawakkol*, 87 F.4th at 718 (citing *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019)). So, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22

(5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th

Cir. 2020)).

> Sovereign immunity applies not only to actions in which a state
> itself is the named defendant, but also to actions against state agencies
> and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425,
> 429 (1997). "[A] suit against an arm or instrumentality of the State is
> treated as one against the State itself." *Lewis v. Clarke*, 581 U.S. 155,
> 166 (2017). Similarly, lawsuits brought against employees in their
> official capacity "represent only another way of pleading an action
> against an entity of which an officer is an agent," and they also may be
> barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-
> 66 (1985). This bar extends not only to the state itself, but also to claims
> against "state officials" in their official capacity when the state is the
> real party in interest. *Id.*

*Lincoln v. Travis Cnty. Corr. Complex*, A-23-CV-1044-DII, A-23-CV-1085-DII, & A-

23-CV-1089-DII, 2023 WL 7554334, at *4 (W.D. Tex. Oct. 3, 2023) (citation modified;

concluding that "Plaintiff's claims against Child Protective Services are barred in

federal court by sovereign immunity" where "Plaintiff fails to identify any exception

to sovereign immunity"); *see also Bogard v. Lowe*, SA-21-CV-00021-FB, 2022 WL

1050332, at *5 (W.D. Tex. Apr. 6, 2022) ("[C]hild protective services employees are

state employees entitled to Eleventh Amendment immunity." (citing *Thomas v. Tex.*

*Dep't of Family & Prot. Servs.*, 427 F. App'x 309, 312 (5th Cir. 2020) (per curiam);

*Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990))).

Because Baker fails to identify an exception to sovereign immunity that allows

this lawsuit against CPS to proceed in federal court, the complaint should be

dismissed without prejudice for lack of subject matter jurisdiction. *See Lincoln*, 2023

WL 7554334, at *4; *see also Noble v. CPS – Fort Worth*, No. 4:20-cv-241-P-BP, 2020

WL 5505660, at *2 (N.D. Tex. Aug. 24, 2020) ("CPS, an agency of the State of Texas,

has not consented to be sued by Noble and is immune from the claims she asserts here under the Eleventh Amendment to the United States Constitution. Therefore, her claims should be dismissed based on sovereign immunity."), *rec. accepted*, 2020 WL 5500269 (N.D. Tex. Sept. 11, 2020).

And, to the extent that Baker brings this lawsuit "to file a complaint" against the individual(s) who allegedly reported Baker to CPS, that intent would not establish federal subject matter jurisdiction over this lawsuit, as "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion," so, as a private citizen, Baker has neither "standing to institute a federal criminal prosecution [nor the] power to enforce a criminal statute." *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (In *Linda R.S.*, "the Court repeatedly emphasized 'the special status of criminal prosecutions in our system.' It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.… As a result, courts across the country have dutifully enforced this rule in case after case – refusing to hear claims challenging the decision not to investigate or prosecute another person." (collecting cases; citations omitted)).

Relatedly, criminal statutes usually will not create civil liability and therefore

provide for subject matter jurisdiction. *See, e.g., Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at \*1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)).

### Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

- 6 -

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: April 4, 2024

                              _____

                              DAVID L. HORAN
                              UNITED STATES MAGISTRATE JUDGE